**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **JAMES LAVESPEARE,** | ) | **CIVIL ACTION NO.: _____** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE_____** |
| | ) | |
| **TERMINIX INTERNATIONAL** | ) | |
| **COMPANY LIMITED PARTNERSHIP,** | ) | |
| | ) | **MAG. JUDGE_____** |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

Defendant, Terminix International Company, Limited Partnership ("Defendant" or "Terminix"), pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, files this notice of removal for the following reasons:

### COMMENCEMENT AND PENDENCY OF ACTION IN STATE COURT

1.     A civil action has been commenced and is now pending in Alexandria City Court (Rapides Parish), Louisiana, Case No. 145604, with the above caption.

2.     On December 20, 2019, copies of the Citation, Petition for Wages, Plaintiff's proposed Order, Complaint, Request for Notice of Trial Date, Plaintiff's Requests for Production of Documents, and Plaintiff's Interrogatories in Case No. 145604 were served on Defendant. (Likens Decl. ¶ 3.)[1]   Pursuant to 28 U.S.C. § 1446(a), copies of these documents, which together constitute all process, pleadings, and orders received by Terminix in this matter, are attached hereto as Exhibit B.

---

[1] The Declaration of Steven W. Likens is attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after December 20, 2019, the first and only date on which Terminix was provided with any pleading or other paper in this matter, and this case has been on file for less than one year.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law.  *See Id.*  Here, the last day for removal falls on January 19, 2019.  Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

4.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because a federal statute is involved, and therefore Plaintiff has alleged a federal question, and pursuant to 28 U.S.C. § 1441(b) in that, as shown below, the action is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest or costs.

## **FEDERAL QUESTION JURISDICTION**

5.      Plaintiff was hired by Terminix on May 7, 2018.  (Petition, ¶ 6.)

6.      Plaintiff alleges that he is owed wages, including overtime compensation, for periods he worked from May 7, 2018 through January 26, 2019.  (Petition, ¶ 12.)

7.      Plaintiff does not expressly state under which statute he is pursuing his wage and hour claim.  (*See generally,* Petition.)

8.      However, as the State of Louisiana has not enacted its own statute or code section covering payment of overtime compensation, it is clear Plaintiff is attempting to pursue overtime

claims under the Fair Labor Standards Act ("FLSA").  *See, e.g.,* Complaint ¶12 (f)-(h), (j)-(q), (s)-(u), (y)-(z) ("Plaintiff is owed … overtime wages").  *See Rychorcewicz v. Welltec, Inc.*, 768 F. App'x 252, 255 (5th Cir. 2019) (citing 29 U.S.C. § 207(a)(1)) ("The FLSA generally requires employers to pay employees who work more than forty hours in a workweek at least one and one-half times the employees' regular rate for each hour in excess of forty.")

9.      The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).) Here, Plaintiff has no right to "overtime wages" under state law and, thus, his overtime claim necessarily arises under the FLSA and depends on resolution of substantial questions of federal law.

10.      Removal of the state court action is proper because it arises under the laws of the United States; specifically, the FLSA.  As such, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and Terminix may remove it to this Court pursuant to 28 U.S.C. § 1441(a).

11.      In the Petition, Plaintiff has also alleged a violation of La. R.S. 23:635 for alleged improper deductions relating to a "uniform cleaning fee."  (Petition, ¶¶ 13-14.)

12.     This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

13.     It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.  *Id.* at 806.  Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal claims in that all of Plaintiff's claims are based on alleged incorrect payments for and calculation of wages relating to Plaintiff's employment with Defendant.  (*See* Petition, ¶¶ 12-14.) Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## DIVERSITY JURISDICTION

14.     Plaintiff alleges that he is a "resident of the City of Pineville, Parish of Rapides, State of Louisiana" (Petition, p. 1), which Terminix has no reason to dispute.  Plaintiff's residence establishes him as a citizen of Louisiana for purposes of 28 U.S.C. § 1332.

15.     For the purpose of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners.  *Int'l Paper Co. v. Denkmann*

*Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997).

16.     The Terminix International Company, Limited Partnership has one general partner, Terminix International, Inc., and one limited partner, ServiceMaster Consumer Services Limited Partnership.  (Likens Decl. ¶ 4.)

17.     "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1)

18.     Terminix International, Inc. is incorporated under the laws of the State of Delaware and its principal place of business is in Tennessee.  (Likens Decl. ¶ 4.)  Accordingly, Terminix International, Inc. is a citizen of Delaware and Tennessee for diversity purposes.

19.     ServiceMaster Consumer Services Limited Partnership, in turn, has one general partner and one limited partner.  (Likens Decl. ¶ 4.)  The general partner is SMSC Holdco II, Inc., which was incorporated under the laws of the state of Delaware and has its principal place of business in the state of Tennessee.  (Likens Decl. ¶ 4.)  Accordingly, SMSC Holdco II, Inc. is a citizen of Delaware and Tennessee.  The limited partner in the ServiceMaster Consumer Services Limited Partnership is The ServiceMaster Company, LLC.

20.     The ServiceMaster Company, LLC is incorporated in Delaware and has its principal place of business in Tennessee.  (Likens Decl. ¶ 4.)  Therefore, that entity is also a citizen of Delaware and Tennessee for the purposes of assessing diversity.

21.     As such, there is complete diversity between Plaintiff (Louisiana) and Terminix (Delaware and Tennessee).

22.     The amount in controversy exceeds $75,000 as is facially apparent from the Petition.  *See Allan v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (removal is

proper if facially apparent from complaint that claims exceed jurisdictional limit). Although Plaintiff "avers the amount in dispute/controversy is insufficient to vest a federal court with jurisdiction" and that "the amount in controversy does not exceed $75,000…", he also seeks "statutory penalties and attorney's fees…"  (Petition, ¶¶ 17-18).

23.     The Fifth Circuit has recognized that statutorily authorized attorneys' fees and penalties may be considered in determining the jurisdictional amount in controversy.  *See St. Paul Reinsurance Corp., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Cupples Co. Manufacturers v. Farmers & Merchants State Bank*, 390 F.2d 184 (5th Cir. 1968); 15 *Moore's Federal Practice* 3d, § 102.106[6][a] (Matthew Bender 3d ed.) (attorneys' fees may be included in the calculation of diversity jurisdictional limit "[i]f a statute mandates or allows payment of attorneys' fees").

24.     Therefore, based on Plaintiff's pleadings, the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

## NOTICE TO PLAINTIFF AND STATE COURT

25.     Terminix has on this date given written notice of this filing to Plaintiff, and has given written notice of this filing, together with a copy of the Notice of Removal, to the Clerk of the Alexandria City Court (Rapides Parish), Louisiana, pursuant to 28 U.S.C. § 1446.  A copy of the notice filed with the Alexandria City Court is attached hereto as Exhibit C.

26.     By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, failure to exhaust administrative remedies, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

WHEREFORE, Defendant respectfully requests that Case No. 145604 be removed from the Alexandria City Court (Rapides Parish), Louisiana into this Court and that this Court make and enter an Order of Removal of Case No. 145604.

DATED this 14th day of January, 2020.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
By: /s/Joshua J. Dara, Jr.
    Steven M. Oxenhandler (Bar Roll #28405)
    Joshua J. Dara, Jr. (Bar Roll #35739)
    2001 MacArthur Drive
    PO Box 6118
    Alexandria, LA  71307-6118
    Toll Free: (866) 302-6283
    Phone: (318) 445-6471
    Fax: (318) 445-6476
    **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of January, 2020, I sent a true and correct copy of the

foregoing via U.S. mail to Plaintiff's counsel of record at the following address:

Thomas D. Davenport, Jr.
The Davenport Firm, APLC
602 Murray Street
Alexandria, LA 71301


_____/s/Joshua J. Dara, Jr._____
**COUNSEL**