# CT Corporation

**Service of Process Transmittal**
12/26/2019
CT Log Number 536876033

**TO:** Stacy Davis, A3-4007
ServiceMaster
150 Peabody Place
Memphis, TN 38103-3728

**RE:** **Process Served in Louisiana**

**FOR:** The Terminix International Company Limited Partnership  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAVESPERE, JAMES, PLTF. vs. THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Order, Petition, Request, Interrogatories |
| **COURT/AGENCY:** | ALEXANDRIA CITY COURT (Rapides Parish), LA Case # 145604 |
| **NATURE OF ACTION:** | Employee Litigation - Petition for Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/26/2019 at 08:35 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | 03/04/2020 at 09:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Thomas D. Davenport, Jr. The Davenport Firm, APLC 602 Murray Street Alexandria, LA 71301 318-445 - 9696 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/26/2019, Expected Purge Date: 12/31/2019 |
| | Image SOP |
| | Email Notification,  Stacy Davis  Stacy.davis@servicemaster.com |
| | Email Notification,  TERESA GIFFORD  teresa.gifford@servicemaster.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 S La Salle St Ste 814 Chicago, IL 60604-1101 |
| **For Questions:** | 866-331-2303 CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
12/26/2019
CT Log Number 536876033

**TO:**   Stacy Davis, A3-4007
ServiceMaster
150 Peabody Place
Memphis, TN 38103-3728

**RE:**   **Process Served in Louisiana**

**FOR:**   The Terminix International Company Limited Partnership  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Citation, Petition, Order, Request(s), Interrogatories | By Process Server on 12/20/2019 at 09:05 | Stacy Davis, A3-4007 ServiceMaster | 536851632 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**RULE TO SHOW CAUSE**

| | | |
|---|---|---|
| **JAMES LAVESPERE** | : | **DOCKET NO: 145,604** |
| | : | **ALEXANDRIA CITY COURT** |
| **VERSUS** | | |
| | : | **PARISH OF RAPIDES** |
| **THE TERMINEX INTERNATIONAL** | | |
| **COMPANY LIMITED PARTNERSHIP** | : | **STATE OF LOUISIANA** |

**************************************************************************

TO: **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**
**THROUGH IT AGENT FOR SERVICE OF PROCESS**
**C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

**************************************************************************

     **YOU ARE HEREBY CITED TO APPEAR,** in the Alexandria City Court, 515 Washington Street, Alexandria, Louisiana and show cause on **MARCH 4, 2020 AT 9:00 A.M.** why judgment should not be rendered against it for the payment of all earned wages owed and unlawful deductions owed to Plaintiff, plus statutory penalties and attorney's fees as provide by La. R.S. 23:641, et seq., and legal interest on all amounts, together with all costs of these proceedings.

     In obedience to the Order signed by the Honorable Richard E. Starling, Jr. Judge of our said Court on December 12, 2019, and pursuant to the files herein; **Petition for Wages, Discovery Requests and Order.**

     Witness the **HONORABLE RICHARD E. STARLING, JR., JUDGE** of our said Court, at Alexandria, Louisiana this Friday the 13th day of December, 2019.

                                             _____
                                      **DEPUTY CLERK OF COURT**

**PLEASE SERVE:**

     **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**
**THROUGH IT AGENT FOR SERVICE OF PROCESS**
**C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

CIVIL SUIT NO.: 145604    ALEXANDRIA CITY COURT

2019 DEC -9 PM 3: 00

**LAVESPERE, JAMES**                    **ALEXANDRIA CITY COURT**

**VERSUS**                              **PARISH OF RAPIDES**

CLERK OF COURT

**THE TERMINEX INTERNATIONAL**         **STATE OF LOUISIANA**
**COMPANY LIMITED PARTNERSHIP**

### O R D E R

CONSIDERING the above and foregoing *Petition for Wages*, it is hereby

ORDERED that the Defendant, **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP,** show cause, if any, on the 4 day of *March* 2020, why judgment should not be rendered against it for the payment of all earned wages owed and unlawful deductions owed to Plaintiff, plus statutory penalties and attorney's fees as provided by La. R.S. 23:631, *et. seq.,* and legal interest on all amounts, together with all costs of these proceedings.

THUS DONE AND SIGNED at Alexandria, Rapides Parish, Louisiana, this 25 day of *Decce*, 2019.

**JUDGE**

Richard E. Starling, Jr., Judge

PLEASE SERVE:

**THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**
*through its agent for service and process,*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

ALEXANDRIA CITY COURT
A TRUE COPY OF THE ORIGINAL
THIS *December 15* 20 19
COLLEEN SMITH STEHR 150816
EX-OFFICIO NOTARY
DEPUTY CLERK


DAVENPORT FIRM, APLC

ALEXANDRIA CITY COURT

CIVIL SUIT NO.: __145604__

2019 DEC -9 PM 2: 59

LAVESPERE, JAMES

VERSUS

THE TERMINEX INTERNATIONAL
COMPANY LIMITED PARTNERSHIP

ALEXANDRIA CITY COURT

PARISH OF RAPIDES CLERK OF COURT

STATE OF LOUISIANA

Deputy

### PETITION FOR WAGES

The *Petition for Wages* of **JAMES LAVESPERE** (hereinafter "Plaintiff"), by and

through undersigned counsel, domiciliary and resident of the City of Pineville, Parish of

Rapides, State of Louisiana, respectfully represents:

1.

Made Defendant herein is:

a) **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**, a foreign
insurance company authorized to do and doing business in the State of Louisiana who
may be served through its agent for service and process, C T Corporation System,
3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

2.

Defendant is indebted unto the Plaintiff in an amount[1] to be determined by this Court[2]

together with legal interest from date of judicial demand until paid and for all costs of these

proceedings for the reasons enumerated below.

3.

The Plaintiff avers, stipulates and judicially admits the claims, amount in dispute[3], and

damages at issue in this matter are within the jurisdictional limit of this Court as established

by La. Code Civ. Proc. Art. 4843 (H).

---

[1] The Plaintiff avers the amount in dispute/controversy is insufficient to vest
a federal court with jurisdiction. The Plaintiff further shows the amount in
controversy does not exceed $75,000.00 in accordance with 28 U.S.C. § 1332.

[2] The Plaintiff avers, stipulates and judicially admits the claims, amount in
dispute, and damages are less than $50,000.00. Under no theory of liability and
cause of action are the Plaintiff's claims and damages more than $50,000.00.
Accordingly, the Plaintiff filed the instant *Petition for Damages* in Alexandria
City Court because it is a court of limited jurisdiction being fixed at not
more than $50,000.00. See, La. Code Civ. Proc. Art. 4843 (H); Industrial Roofing
$ Sheet Metal Works, Inc. v. J.C. Dellinger, Mem'l Trust, 751 So. 2d 928 at 943
(La. App. 2 Cir.) writ denied, 752 So. 2d 166 (La. 1999); Meyers v. Neighborhood
Restorations, Inc., 98-3046 (La.App. 4 Cir. 09/1/1999), 743 So. 2d 755; Walker
v. Dinh Van Thap, 92-0016, (La.App. 4 Cir. 05/17/94), 637 So. 2d 1150.

[3] "Amount in dispute," as stated in La. Code Civ. Proc.Art. 4843(A) means the
maximum amount that the successful party may be awarded by judgment; the maximum
amount the unsuccessful party may be ordered to pay, in addition, is the amount
at risk in the litigation. Walker v. Dinh Van Thap, 92-0016, (La.App. 4 Cir.
05/17/94), 637 So. 2d 1150



DAVENPORT FIRM, APLC

4.

The Plaintiff filed the instant *Petition for Wages* in Alexandria City Court because it is a Court of limited jurisdiction being fixed at no more than $50,000.00.

5.

The Plaintiff avers the amount in dispute and in controversy[4] is insufficient to vest a federal court with jurisdiction.

6.

The Plaintiff avers, stipulates and judicially admits the claims, amount in dispute[5], and damages at issue in this matter are less than $50,000.00.

7.

The Plaintiff was hired by the Defendant on May 7, 2018 to perform pest control/extermination services within the State of Louisiana.

8.

The Plaintiff was hired at a rate of $17.00 per hour.

9.

The Plaintiff never exited the State of Louisiana and entered into another State of the Union to perform pest control/extermination services.

10.

The Plaintiff's employment did not participate in any interstate commerce.

11.

Despite the Plaintiff being a dedicated, loyal and hard-working employee, the Defendant did not pay him for a substantial amount of his work and it did not pay him as promised and agreed to when the Plaintiff was hired.

12.

Specifically, the Plaintiff shows and avers he is owed wages for the following:

a) May 7, 2018 through May 28, 2018, the Plaintiff worked 128 hours and the Defendant did not compensate the Plaintiff for these hours. At $17.00 per hour, the Plaintiff is owed $2,176.00.

b) June 1, 2018 through June 15, 2018, the Plaintiff worked 70.9116 hours and was paid $15.00 per hour, which totals $818.19. However, he was hired at $17.00 per

---

[4] See, footnote number one (1), *supra*.
[5] "Amount in dispute," as stated in La. Code Civ. Proc. Art. 4843(A) means the maximum amount that the successful party may be awarded by judgment; the maximum amount the unsuccessful party may be ordered to pay, in addition, is the amount at risk in the litigation. Walker v. Dinh Van Thap, 92-0016, (La.App. 4 Cir. 05/17/94), 637 So. 2d 1150



DAVENPORT FIRM, APLC

hour, which means the Plaintiff was to be paid $1,205.49. The difference of $1,205.49- $818.19 is $387.30. The Plaintiff is owed $387.30.

c) June 16, 2018 through June 30, 2018, the Plaintiff worked 86.67 hours and was paid $15.00 per hour, which comes to $1300.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $1,473.39. The difference of $1,473.39- $1,000.00 is $473.39. The Plaintiff is owed $473.39.

d) July 1, 2018 through July 15, 2018, the Plaintiff worked 86.67 hours and was paid $15.00 per hour, which comes to $1,300.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $1,473.39. The difference of $1,473.39- $1,300.00 is $173.39. The Plaintiff is owed $173.39.

e) July 16, 2018 through July 31, 2018, the Plaintiff worked 86.67 hours and was paid $15.00 per hour, which comes to $1,300.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $1,473.39. The difference of $1,473.39- $1,300.00 is $173.39. The Plaintiff is owed $173.39.

f) August 1, 2018 through August 15, 2018, the Plaintiff worked 86.67 hours and was paid $15.00 per hour, which comes to $1,300.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $1473.39. The difference of $1,473.39- $1,300.00 is $173.39. The Plaintiff is owed $173.39. Additionally, the Plaintiff worked 2 hours of overtime at $25.50 and is owed $51.00 in overtime wages.

g) August 16, 2018 through August 31, 2018, the Plaintiff worked 86.67 hours and was paid $15.00 per hour, which comes to $1300.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $1473.39. The difference of $1,473.39- $1,300.00 is $173.39. The Plaintiff is owed $173.39. Additionally, the Plaintiff worked 18.66 hours of overtime at $25.50 and is owed $475.83 in overtime wages.

h) August 26, 2018 through September 1, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680.00- $600.00 is $80.00. The Plaintiff is owed $80.00. Additionally, the



Plaintiff worked 10.83 hours of overtime at $25.50 but was only paid for time and a half based on $15.00 per hour, which is $243.68. The difference owed between $276.16- $243.68 is $32.49. The Plaintiff is owed $32.49 in overtime wages.

i) September 2, 2018 through September 8, 2018, the Plaintiff worked 47 hours and was paid $15.00 per hour, which comes to $705.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $799.00. The difference of $799- $705 is $94.00. The Plaintiff is owed $94.00.

j) September 9, 2018 through September 15, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. the Plaintiff is owed $80.00. James also worked 19.17 hours of overtime at $25.50 is $488.84, he was only paid for time and a half based on $15.00 per hour, which was $325.89. The difference owed between $276.16- $243.68 is $57.51. The Plaintiff is owed $57.51 in overtime wages.

k) September 16, 2018 through September 22, 2018, the Plaintiff James worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. Also, the Plaintiff worked 10.79 hours of overtime at $25.50 is $488.84, he was only paid for time and a half based on $15.00 per hour, which was $242.78. The difference owed between $275.15- $242.78 is $32.37. The Plaintiff is owed $32.37 in overtime wages.

l) September 23, 2018 through September 29, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. Also, the Plaintiff worked 11.79 hours of overtime at $25.50 is $300.65, he was only paid for time and a half based on $15.00 per hour, which was $265.28. The difference owed between $300.65- $265.28 is $35.37. The Plaintiff is owed $35.37 in overtime wages.

m) October 7, 2018 through October 13, 2018, the Plaintiff worked 40 hours and was



DAVENPORT FIRM, APLC

paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680-$600 is $80.00. The Plaintiff is owed $80.00. Additionally, the Plaintiff worked 11.45 hours of overtime at $25.50 is $291.97, he was only paid for time and a half based on $15.00 per hour, which was $257.63. The difference owed between $291.97- $257.63 is $34.34.The Plaintiff is owed $34.34 in overtime wages.

n) October 14, 2018 through October 20, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. The Plaintiff also worked 6.58 hours of overtime at $25.50 is $167.79, he was only paid for time and a half based on $15.00 per hour, which was $148.05. The difference owed between $291.97-$148.05 is $19.74. The Plaintiff is owed $19.74 in overtime wages.

o) October 21, 2018 through October 27, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. The Plaintiff also worked 10.17 hours of overtime at $25.50 is $259.33, he was only paid for time and a half based on $15.00 per hour, which was $228.83. The difference owed between $259.33-$228.83 is $30.50. The Plaintiff is owed $30.50 in overtime wages.

p) October 28, 2018 through November 3, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. The Plaintiff also worked 8.34 hours of overtime at $25.50 is $212.67, he was only paid for time and a half based on $15.00 per hour, which was $187.65. The difference owed between $212.67-$187.65 is $25.02. The Plaintiff is owed $25.02 in overtime wages.

q) November 11, 2018 through November 17, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of



DAVENPORT FIRM, APLC

$680- $600 is $80.00. The Plaintiff is owed $80.00. Additionally, the Plaintiff worked .94 hours of overtime at $25.50 is $23.97, he was only paid for time and a half based on $15.00 per hour, which was $21.15. The difference owed between $23.97- $21.15 is $2.82. The Plaintiff is owed $2.82 in overtime wages. The Plaintiff was paid $15.00 per hour for 8 hours of vacation time, which is $120.00. The Plaintiff was supposed to be paid $17.00 per hour for 8 hours of vacation time which is $136.00. The difference in $136.00- $120.00 is $16.00. The Plaintiff is owed $16.00.

r) November 18, 2018 through November 24, 2018, the Plaintiff worked 45.55 hours and was paid $15.00 per hour, which comes to $683.25. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $774.52. The difference of $774.52- $683.25 is $91.27. The Plaintiff is owed $91.27.

s) November 25, 2018 through December 1, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. The Plaintiff also worked 7.72 hours of overtime at $25.50 is $196.86, he was only paid for time and a half based on $15.00 per hour, which was $173.70. The difference owed between $196.86- $173.70 is $23.16. The Plaintiff is owed $23.16 in overtime wages.

t) December 2, 2018 through December 8, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680. The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. Additionally, the Plaintiff worked 1.59 hours of overtime at $25.50 is $40.54, he was only paid for time and a half based on $15.00 per hour, which was $35.78. The difference owed between $40.54- $35.78 is $4.76. The Plaintiff is owed $4.76 in overtime wages.

u) December 9, 2018 through December 15, 2018, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680.The difference of $680- $600 is $80.00. The Plaintiff is owed $80.00. Also, the Plaintiff worked 5.76



DAVENPORT FIRM, APLC

hours of overtime at $25.50 is $146.88, he was only paid for time and a half based on $15.00 per hour, which was $129.60. The difference owed between $146.88-$129.60 is $17.28. The Plaintiff is owed $17.28 in overtime wages.

v) December 16, 2018 through December 22, 2018, the Plaintiff worked 45.3 hours and was paid $15.00 per hour, which comes to $679.50 However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $770.10. The difference of $770.10- $679.50 is $90.60. The Plaintiff is owed $90.60.

w) December 23, 2018 through December 29, 2018, the Plaintiff worked 38.68 hours and was paid $15.00 per hour, which comes to $580.20. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $657.56. The difference of $657.56- $580.20 is $77.36. The Plaintiff is owed $77.36.

x) December 30, 2018 through January 5, 2019, the Plaintiff worked 44.71 hours and was paid $15.00 per hour, which comes to $670.65. However, he was hired at $17.00 per hour, which means Plaintiff was to be paid $760.01. The difference of $760.01- $670.65 is $89.42. The Plaintiff is owed $89.42.

y) January 6, 2019 through January 12, 2019, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680.The difference of $680-$600 is $80.00. The Plaintiff is owed $80.00. Also, the Plaintiff worked 7 hours of overtime at $25.50 is $178.50, he was only paid for time and a half based on $15.00 per hour, which was $157.50. The difference owed between $178.50-$157.50 is $21.00. The Plaintiff is owed $21.00 in overtime wages.

z) January 13, 2019 through January 19, 2019, the Plaintiff worked 40 hours and was paid $15.00 per hour, which comes to $600.00. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $680.The difference of $680-$600 is $80.00. The Plaintiff is owed $80.00. Also, the Plaintiff worked 7.63 hours of overtime at $25.50 is $194.56, he was only paid for time and a half based on $15.00 per hour, which was $171.68. The difference owed between $194.56-$171.68 is $22.88. The Plaintiff is owed $22.88 in overtime wages.

aa) January 20, 2019 through January 26, 2019, the Plaintiff worked 45.74 hours and



was paid $15.00 per hour, which comes to $686.10. However, he was hired at $17.00 per hour, which means the Plaintiff was to be paid $777.58. The difference of $777.58- $686.10 is $91.48. The Plaintiff is owed $91.48.

13.

In addition to the foregoing, the Defendant unlawfully assessed and deducted a "uniform cleaning fee" in the amount of $10.50 over 25 separate pay periods, , *viz.,* July 1, 2018- July 15, 2018, July 16, 2018- July 31, 2018, August 1, 2018- August 15, 2018, August 16, 2018- August 31, 2018, August 26, 2018- September 1, 2018, September 2, 2018- September 8, 2018, September 9, 2018- September 15, 2018, September 16, 2018- September 22, 2018, September 23, 2018- September 29, 2018, September 30, 2018- October 6, 2018, October 7, 2018- October 13, 2018, October 14, 2018- October 20, 2018, October 21, 2018- October 27, 2018, October 28, 2018- November 3, 2018, November 4, 2018- November 10, 2018, November 11, 2018- November 17, 2018, November 18, 2018- November 24, 2018, November 25, 2018- December 1, 2018, December 2, 2018- December 8, 2018, December 9, 2018- December 15, 2018, December 16, 2018- December 22, 2018, December 23, 2018- December 29, 2018, December 30, 2018- January 5, 2019, January 6, 2019- January 12, 2019, January 13, 2019- January 19, 2019, and January 20, 2019- January 26, 2019.

14.

The Plaintiff avers he never consented and/or agreed to a deduction of a "uniform cleaning fee" from his payroll and all such deductions are in direct violation of La. R.S. 23:635.

15.

The Plaintiff shows on November 14, 2019 the undersigned sent a demand letter to the Defendant(s) and it is attached hereto and made part hereof as Exhibit "A," which is quoted in *extenso.*

16.

As of the filing of this *Petition,* Plaintiff's demand has been ignored by the Defendant and the Plaintiff has not received the above described and demanded amounts due.

17.

As a direct and proximate result of Defendant's failure to pay the above described wages within the time limits set forth in La. R.S. 23:632, Plaintiff is entitled to the entirety of



DAVENPORT FIRM, APLC

the above described wages due under the terms of employment, plus, either ninety (90) days

of wages at Plaintiff's demand for payment until Defendant actually pays or tenders the

above described amounts due, whichever is the lesser amount, including statutory penalties

and attorney's fees, in accordance with the provisions of La R.S. 23:632.

18.

Pursuant to the provision of La R.S. 23:631 *et seq.*, Plaintiff requests the Defendant be

ordered to appear on a date and time set by this Court and show cause, if any, why judgment

should not be rendered against it for payment of all earned wages owed, unlawful payroll

deductions, and  attorney fees as provided by law and legal interest on all amounts, together

with all costs of these proceedings.

19.

To the extent any of the foregoing claims appear to be in conflict of each other, the

Plaintiff pleads them in the alternative.

**WHEREFORE THE PLAINTIFF PRAYS:**

1. An Order issue herein directing **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP** to show cause, if any, why judgment should not be rendered against it for payment of all earned wages owed attorney fees as provided by law and legal interest on all amounts, together with all costs of these proceedings;

2. The Defendant, **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**, be served with a copy of this *Petition* and *Order* and be duly cited to appear and answer same;

3. After due proceeding are had, there be judgment herein in favor of Plaintiff, **JAMES LAVESPERE**, and against Defendant, **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**, for payment of all earned wages owed to and unlawful payroll deductions from Plaintiff at the time of his employment resignation, plus statutory penalties and attorney fees as provided by La. R.S. 23:631, *et. seq.*, and legal interest on all amounts, together with all costs of these proceedings;

4. For all necessary orders and decrees and for full, general and equitable relief.

Respectfully submitted:

THE DAVENPORT FIRM, APLC

THOMAS D. DAVENPORT, JR.
Bar Roll No. 27426
602 Murray Street
Alexandria, Louisiana 71301
Telephone: (318) 445 - 9696
Facsimile:  (318) 445 – 3031

CLERK OF COURT

2019 DEC -9  PM 3: 00

ALEXANDRIA CITY COURT


DAVENPORT FIRM, APLC

**PLEASE SERVE:**

**THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**
*through its agent for service and process,*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816



DAVENPORT FIRM, APLC

CIVIL SUIT NO.: 145604

**LAVESPERE, JAMES**

**VERSUS**

**THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**

ALEXANDRIA CITY COURT

2019 DEC -9  PM 3: 00

**ALEXANDRIA CITY COURT**

**PARISH OF RAPIDES**

**STATE OF LOUISIANA**

*Linda Welch*
CLERK OF COURT
*Deputy*

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

**TO THE CLERK OF COURT** of the City of Alexandria, Parish of Rapides, State of Louisiana:

**PLEASE TAKE NOTICE** that THOMAS D. DAVENPORT, JR. attorney for the Plaintiff, **JAMES LAVESPERE,** does hereby request written notice of the date of trial of the above matter as well as notice of hearings (whether on the merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, by the Judge or by any member of Court, as provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted:

THE DAVENPORT FIRM, APLC

THOMAS D. DAVENPORT, JR.
Bar Roll No. 27426
602 Murray Street
Alexandria, Louisiana 71301
Telephone: (318) 445 - 9696
Facsimile:  (318) 445 – 3031
tdavenportjr@davenportfirm.com

DAVENPORT FIRM, APLC

CIVIL SUIT NO.: 145604

ALEXANDRIA CITY COURT

2019 DEC -9 PM 3:00

LAVESPERE, JAMES

VERSUS

THE TERMINEX INTERNATIONAL
COMPANY LIMITED PARTNERSHIP

ALEXANDRIA CITY COURT

PARISH OF RAPIDES

CLERK OF COURT

STATE OF LOUISIANA

Deputy

### REQUEST FOR PRODUCTION OF DOCUMENTS
### PROPOUNDED TO DEFENDANT,
### THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP

**COMES NOW**, the Plaintiff, who pursuant to the Louisiana Code of Civil Procedure, respectfully requests the Defendant, **THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**, produce the following items at The Davenport Firm, 602 Murray Street, Alexandria, Louisiana 71301, within the delays allowed by law:

**REQUEST FOR PRODUCTION NUMBER 1:**

Please provide copies of the all the Plaintiff's checks stubs from May 2018 to February 2019.

**REQUEST FOR PRODUCTION NUMBER 2:**

Please produce any and all documents, materials or papers that you intend to rely upon at trial to support your defense to this action.

**REQUEST FOR PRODUCTION NUMBER 3:**

Please produce a copy of any reports, memoranda, notes, drafts, recordings, statements and tangible items to the like, which relate to the subject matter of this litigation.

**REQUEST FOR PRODUCTION NUMBER 4:**

Any and all expert reports which have been obtained from any expert and, if a report has not been prepared, the preparation of such a report is hereby requested.

**REQUEST FOR PRODUCTION NUMBER 5:**

Copies of any and all statements previously made by you and/or (excluding statements subject to the attorney-client privilege), or any witness, including all parties to this actions, concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by you and/or the Plaintiff, and any stenographic, mechanical, electrical, or other type recording or any transcript thereof, made by you and/or the Plaintiff and contemporaneously recorded. If you claim any such document is privileged,



DAVENPORT FIRM, APLC

please give a general description of said document and state the claimed privilege.

document and state the claimed privilege.

**REQUEST FOR PRODUCTION NUMBER 6:**

Copies of any recorded conversations, telephonic or otherwise, that purports to or may contain the voice of any witness and/or the Plaintiff.

**REQUEST FOR PRODUCTION NUMBER 7:**

Copies or duplicates of any or all letters, cards, telegrams, memos or correspondences you received from the Plaintiff and/or any witness.

**REQUEST FOR PRODUCTION NUMBER 8:**

Names and addresses of any potential parties or witnesses that can be obtained from any communication or other papers in the possession, custody, or control of you.

**REQUEST FOR PRODUCTION NUMBER 9:**

Copies or duplicates of any or all letters, cards, telegrams, memos and all other documents or things relating to the Plaintiff's claims or to the facts surrounding the allegations contained in the *Petition for Wages* or any other facts related in any way to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 10:**

Please produce any and all documents, materials or papers that support your contentions and denials contained in your *Answer*.

**REQUEST FOR PRODUCTION NUMBER 11:**

Please produce any and all documents, materials or papers that support your defenses contained in your *Answer*.

**REQUEST FOR PRODUCTION NUMBER 12:**

Please produce any and all documents, materials or papers that you sent and/or mailed to the Plaintiff.

**REQUEST FOR PRODUCTION NUMBER 13:**

Please produce a copy of all invoices concerning the cost of surveillance movies or photographs that have been made of the Plaintiff.

**REQUEST FOR PRODUCTION NUMBER 14:**

Please produce a copy of all reports, and invoices concerning any and all



DAVENPORT FIRM, APLC

investigations of the Plaintiff.

**REQUEST FOR PRODUCTION NUMBER 15:**

Please produce a copy of all evidence that shows or tends to show that the Plaintiff is not credible or that places his credibility or truthfulness into question.

**REQUEST FOR PRODUCTION NUMBER 16:**

Please produce a copy of all evidence that shows or tends to show the amount of losses that the Plaintiff is entitled to in this case.

**REQUEST FOR PRODUCTION NUMBER 17:**

Any and all communications, letters, memos, notes, letters, documents or electronic mails that reference or mention the Plaintiff in any way.

Respectfully submitted:

**THE DAVENPORT FIRM, APLC**

THOMAS D. DAVENPORT, JR.
Bar Roll No. 27426
602 Murray Street
Alexandria, Louisiana 71301
Telephone: (318) 445 - 9696
Facsimile:  (318) 445 – 3031
tdavenportjr@davenportfirm.com[6]

---

[6] The inclusion of this email address is not an express designation and agreement to accept pleadings, motions, discovery, evidence or material via email.


DAVENPORT FIRM, APLC

ALEXANDRIA CITY COURT

2019 DEC -9  PM 3: 00

CIVIL SUIT NO.: 145604

LAVESPERE, JAMES                    ALEXANDRIA CITY COURT
                                    CLERK OF COURT    Deputy

VERSUS                              PARISH OF RAPIDES

THE TERMINEX INTERNATIONAL          STATE OF LOUISIANA
COMPANY LIMITED PARTNERSHIP

### INTERROGATORIES
### PROPOUNDED TO DEFENDANT,
### THE TERMINEX INTERNATIONAL COMPANY LIMITED PARTNERSHIP

You are hereby notified that the Plaintiff in the above-captioned matter, pursuant to Code of Civil Procedure Articles 1457 and 1458, propounds the following interrogatories upon the Defendant. The Defendant should answer the following interrogatories separately, fully and under oath within the time allotted by law. These interrogatories should be supplemented or amended as required by La. Code Civ. Proc. Art.1428.

***Instructions***

You are directed to furnish all information available to you, including information in the possession of your attorney or investigators and any other persons acting in your behalf, as well as with, and of, your personal knowledge. If you cannot answer any specific *Interrogatory* in full after exercising due diligence to secure the information, please state so in your answers to the extent possible, specifying your inability to answer the remainder of each such question and stating whatever information or knowledge you have concerning that portion of the answer and the efforts you have undertaken to secure the remainder of the information sought. The *Interrogatories* which follow are to be considered as continuing, and you are requested to provide by way of supplementary answers thereto such additional information as you, or any other person acting in your behalf, may hereafter obtain which will augment or otherwise modify the answers you give to the Interrogatories below. Such supplementary responses are to be filed and served in the same manner as your answers to these *Interrogatories*. Your answers are to be under oath, and subject to all penalties which may be lawfully enforced for committing the crime of perjury.

1.    Please state the full name, address, and occupation for the business listed in the suit.

2.    State the correct name and address of any potential party, including yourself, to this lawsuit, not already named a party hereto.



DAVENPORT FIRM, APLC

3.      State the full name, address and qualifications of each expert whom you may or will call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

4.      State whether or not you were acting within the course and scope of any agency, employment, or service at any or all times relative to the complaints and/or averments of fact as contained in the *Petition for Wages* and describe the type of relationship of the persons involved.

5.      Please state the actual time and date the Plaintiff made a request for final payment for your company.

6.      With regards to Interrogatory Number 5, please state what your response was to that request and the reason for such response.

7.      Please state why have refused to provide wages that are due to the Plaintiff.

8.      Please explain what information was not supplied thereby permitting you to claim in good faith that the Plaintiff did not supply you with a proper or valid demand letter.

9.      Please state whether or not you have a copy of any statement, which the Plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.  For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

10.     Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the claims in question.

11.     Describe with particularity and specificity any and all exhibits you intend to introduce and/or use at trial.

12.     Please specify and identify each affirmative defense/claim you intend to present at trial, the factual basis for such, and with regard to each element of the defense/claim



DAVENPORT FIRM, APLC

set forth herein, state:

    A. Names, addresses and telephone numbers of each witness you will call in support thereof;

    B. Identify and specify with particularity each exhibit you intend to introduce in support thereof.

13. Have you or anyone acting on the defendants' behalf obtained from any witness or person any reports, statements, recordings, memorandum, testimony or writing of act sort, whether signed or not and whether prepared by someone other than the said person or witness or not, concerning the acts alleged in the complaint of any other facts related to this lawsuit. If so, as to each such person, state:

    a) Identity of the witness or person referred to in the document;

    b) Date of taking or making the document;

    c) Identity of the person presently in possession;

    d) Identity of the person making or taking the document;

    e) Identity of the person who requested the making or taking of the documents;

14. Have you or any of your employees made any report, statement, memoranda, recording or given any testimony, in writing, whether prepared by you or someone else, concerning the allegations contained in the *Petition for Wages* or any facts pertaining to this lawsuit? If so, as to each document states:

    a) Date;

    b) Identity of the person in possession;

    c) Identity of the person taking or making the documents;

    d) Identity of the person at whose request the document was made or taken:

15. Do you know of any documents or other tangible things containing evidence relating to the allegations of the *Petition for Wages* of this lawsuit not previously listed in the answers herein? If so, as to each such item, state:

    a) Nature and specific subject matter;

    b) Date created;

    c) Identity of the maker/creator;

    d) Identity of the person who is presently in possession;

    e) Identity of the person at whose request such item was made or taken;



DAVENPORT FIRM, APLC

16.     Furnish the names, addresses, telephone numbers, occupations, and present locations of all persons having knowledge of relevant facts pertaining to this lawsuit and briefly describe the nature of each person's relevant knowledge.

17.     With respect to each and every witness *not identified* in the foregoing interrogatories whom you may intend to call at trial, if any, state:

    a)  The name, address, telephone number, occupation, and employer;

    b)  The subject matter on which the witness is expected to testify;

    c)  The substance of the facts concerning which the witness is expected to testify;

    d)  A summary of the factual basis for the witness's testimony;

18.     In the event that you assert any affirmative defenses, state the factual basis for each and every such defense.

Respectfully submitted,

THE DAVENPORT FIRM, APLC

Thomas D. Davenport, Jr.
Bar Roll No. 27426
602 Murray Street
Alexandria, Louisiana 71301
Telephone: (318) 445 - 9696
Facsimile:  (318) 445 – 3031
tdavenportjr@davenportfirm.com





DAVENPORT FIRM, APLC