c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES LAVESPERE, Plaintiff | CIVIL ACTION NO. 1:20-CV-00056 |
| VERSUS | JUDGE SUMMERHAYS |
| TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 8) filed by Plaintiff James Lavespere ("Lavespere"). Lavespere argues this Court lacks both federal question and diversity jurisdiction. ECF No. 8-1 at 1-11. Defendant Terminix International Company, Limited Partnership ("Terminix") opposes. ECF No. 17.[1]

Because the Court lacks subject matter jurisdiction, Lavespere's Motion to Remand (ECF No. 8) should be GRANTED.

I.  **Background**

On December 9, 2019, Lavespere filed a Petition for Wages (the "Complaint") in Alexandria City Court, Rapides Parish, Louisiana. ECF No. 1-2. Lavespere was hired by Terminix on May 7, 2018. *Id.* at 6. Lavespere seeks unpaid wages, including unpaid "overtime" wages, over the period of May 7, 2018 to January 26,

---

[1] Terminix's Rule 12(b)(6) Motion to Dismiss and Compel Arbitration (ECF No. 6) is also pending. ECF No. 6. However, the Court must first resolve jurisdictional concerns raised in Lavespere's Motion to Remand (ECF No. 8). *See Harden v. Field Mem'l Hosp.*, 265 Fed.Appx. 405, 408 (5th Cir. 2008).

2019. *Id.* at 6-12. Lavespere further asserts Terminix unlawfully deducted a "uniform cleaning fee" over 25 separate pay periods in violation of La. R.S. 23:635. *Id.* at 12. Lavespere alleges Terminix failed to pay the described wages within the time limits under La. R.S. 23:632. *Id.* Lavespere seeks payment of all earned wages owed, unlawful payroll deductions, attorney's fees, costs and interest. *Id.* at 13. Lavespere also seeks statutory penalties and attorney's fees under La. R.S. 23:631, *et seq. Id.*

Terminix timely removed, asserting federal question and diversity jurisdiction. ECF No. 1 at 2. Specifically, Terminix asserts the Court has federal question jurisdiction because Lavespere's claims for "overtime" wages arise under the Fair Labor Standards Act ("FLSA"). ECF No. 1 at 3. Terminix further asserts the Court has supplemental jurisdiction over Lavespere's state law claims for violation of La. R.S. 23:635. *Id.* at 4. Terminix also contends the Court has diversity jurisdiction as there is complete diversity among the parties and it is facially apparent that the amount in controversy exceeds $75,000. *Id.* at 5-6.

Terminix answered, asserting various affirmative defenses. ECF No. 2. Terminix also filed a Rule 12(b)(6) Motion to Dismiss and Compel Arbitration. ECF No. 6. Lavespere now seeks remand, arguing this Court lacks both federal question and diversity jurisdiction. ECF No. 8. Terminix opposes. ECF No. 17.

II.   Law and Analysis

   A.   Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

   B.   The Court lacks federal question jurisdiction.

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The plaintiff may choose to forgo the federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. This right, however, is trumped where the area of law is completely preempted by federal legislation. *Id.* at 393.

The Court must first determine whether Lavespere states a federal claim under the FLSA under the well-pleaded complaint rule. Terminix argues that Lavespere's cause of action arises under federal law even though the Complaint (ECF No. 1-2) does not state a federal claim because his claims for overtime are preempted by the FLSA. ECF No. 17 at 6. Specifically, in its Notice of Removal (ECF No. 1), Terminix asserts that Lavespere does not expressly allege under which statute he is pursuing his wage and hour claim. ECF No. 1 at 2. Terminix alleges that the State of Louisiana has not enacted its own statute or code section covering payment of overtime compensation, and argues that it is clear Lavespere is attempting to pursue overtime claims under the FLSA. *Id.* at 2-3. Terminix contends that because Lavespere has no right to overtime wages under state law, his overtime claim arises under the FLSA and depends on resolution of substantial questions of federal law. *Id.* at 3. Terminix further contends the Court has supplemental jurisdiction over Lavespere's state law claims for improper deductions relating to a "uniform cleaning fee" in violation of La. R.S. 23:635. *Id.* at 3-4.

Lavespere argues that the State of Louisiana prescribes a right of action under Title 23. ECF No. 8-1 at 5. He contends his allegations consist of five references under La. R.S. 23:631, *et seq. Id.* Lavespere asserts the citations in his Complaint (ECF No. 1-2) directly contradict Terminix's assertions that "Plaintiff does not expressly state under which statute he is pursuing his wage and hour claim." *Id.* Lavespere argues his allegations do not reveal any federal or

congressional remedies. *Id.* And he contends the only penalties he seeks are contained in La. R.S. 23:631, *et seq. Id.*

Lavespere further asserts Louisiana law encompasses overtime claims. *Id.* (citing *Kidder v. Statewide Transp., Inc.*, 139 So.3d 875 (La.App. 3 Cir. 12/18/13)). He contends Terminix incorrectly asserts that "Plaintiff has no right to 'overtime wages' under state law." *Id.* at 6. Lavespere argues that, by specifically referring to the Louisiana statute, he is making a case under Louisiana law. *Id.* He never references or cites the FLSA, and none of his claims mention federal law. *Id.*

Lavespere argues this case is factually similar to *Kelly v. RSI Mills, L.L.C.*, 2010 WL 5576182, at *1 (W.D. La. 12/23/10). *Id.* at 7. This Court found "there is no basis for believing that plaintiff intended to sue or did sue under the FLSA nor is there a basis for choosing the FLSA as a federal law to apply in order to gain federal jurisdiction." *Id.* "[F]ederal law did not create the cause of action, and the plaintiff's right to relief does not depend on resolution of a substantial question of federal law." *Id.* Lavespere asserts this case should be remanded just as was *Kelly*. *Id.* In *Kelly*, this Court noted that the defendant's argument seized on the plaintiff's penalties claim, but found that the allegation tracked the language of the Louisiana statute and that plaintiff clearly sought penalties under Louisiana law. However, as Terminix points out, in *Kelly*, the plaintiff was a former employee, not a current employee.

Terminix argues that the Louisiana Wage Payment Statute – on which Lavespere relies, La. R.S. 23:631 – only applies to employees who have been

5

terminated, discharged, or who have resigned. ECF No. 17 at 6. Terminix asserts that Lavespere is a current employee[2] on workers' compensation leave of absence who has not been terminated or discharged, or has resigned from employment. *Id.; see also* ECF No. 17-1 at 3. For this reason, Terminix contends Lavespere's claims for overtime are grounded solely in federal law under the FLSA. ECF No. 17 at 6. Terminix further contends that even if Lavespere could state a claim under the Louisiana Wage Payment Statute, his claim is preempted by the FLSA because Terminix and Lavespere engaged in interstate commerce. *Id.*

At the time of filing and at the time of removal on January 14, 2020, Lavespere was still employed with Terminix. ECF Nos. 1-2 at 6, 27 at 1. Lavespere does not allege he has been discharged or terminated, or has resigned. *See Johnson v. Harrah's Entm't., Inc.*, 2005 WL 3541139, at *7-8 (E.D. La. Nov. 16, 2005) (finding plaintiff lacks standing to bring a claim under La. R.S. 23:631 because he had not been terminated or discharged and had not resigned); *see also Hampton v. McDermott Int'l, Inc.*, 2019 WL 5617025, at *2 (W.D. La. Oct. 30, 2019) (stating the purpose of the LWPA is to compel an employer to pay earned wages of an employee promptly after his dismissal or resignation).

Louisiana state law does not mandate the payment of overtime wages, except in cases where the employee had a contract for overtime wages with his employer. *Chaisson v. Pellerin & Sons, Inc.*, CV 6:18-0835, 2019 WL 6339927, at *5 (W.D. La.

---

[2] Terminix later filed a supplement in support of its Motion to Dismiss (ECF No. 6) to advise the Court that Lavespere's employment with Terminix ended on February 19, 2020. ECF No. 27 at 1.

Nov. 25, 2019). In the context of unpaid overtime claims for employees engaged in interstate commerce, the FLSA preempts state law causes of action. *See Kidder*, 129 So.3d at 880. Terminix argues Lavespere is seeking unpaid overtime and is an employee engaged in interstate commerce. ECF No. 17 at 6.

To be eligible for FLSA overtime, however, an employee must first demonstrate that he is covered by the FLSA.[3] Although Lavespere alleges he is owed overtime wages, Lavespere also alleges that he "never exited the State of Louisiana and entered into another State of the Union to perform pest control/extermination services." ECF No. 1-2 at 6. He further alleges that his "employment did not participate in any interstate commerce." *Id.*[4] This Court may not assess the merits of Lavespere's state law claims. *See Smith v. Bank of America Corp.*, 605 Fed.Appx. 311, 314–15 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258–61, 1264 (5th Cir. 1988) ) (holding that the district court erred by failing to address the important jurisdictional issues before reaching the merits of the case, and that the district court's failure to assess its own

---

[3] A plaintiff bringing an action for unpaid overtime under the FLSA must demonstrate: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime . . . wage requirements; and (4) the amount of overtime . . . compensation due." *See, e.g., Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). To establish coverage under the FLSA, a plaintiff must show (1) that he was personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) that he was employed by an enterprise engaged in such activity ("enterprise coverage"). 29 U.S.C. § 207(a)(1). Thus, a prima facie FLSA claim does not appear on the face of the Complaint.

[4] The FLSA overtime provisions preempt similar state statutes for employees engaged in interstate commerce, but employees engaged in intrastate commerce may still recover for unpaid overtime under *Sanders v. Michaud Constr. Grp., LLC*, 18-CV-00423, 2018 WL 5915048, at *2 (W.D. La. Oct. 12, 2018) (citing La. R.S. 23:631-32).

jurisdiction necessitated remand)). Moreover, for purposes of a motion to remand, the existence of a factual dispute does not convert a state law claim, even a questionable state law claim, into a federal question under 28 U.S.C. § 1331.[5]

This Court recently stated:

> The FLSA creates liability for employers engaged in interstate commerce who fail to pay their employees minimum wage or overtime pay for hours worked in excess of 40 hours per week. *See* 29 U.S.C. §§ 206 and 207. The LWPA does not address minimum wage or overtime. Rather, as noted above, the LWPA requires employers to pay their employees, upon discharge, "the amount due to them under the terms of employment." *See* La. R.S. 23:631(A)(1)(a). The LWPA makes no distinction between regularly earned wages and wages earned as a result of overtime hours. *See England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 6520146 (E.D. La. Nov. 3, 2016). Thus, the LWPA is broader than the FLSA in a sense, allowing for claims of nonpayment of all compensation due under the terms of a contract, not just overtime pay or minimum wages. *See id.* (citing *Odom v. Respiratory Care*, 1998-263 (La. App. 1 Cir. 2/19/99), 754 So.2d 252, 256). However, numerous courts have held that when a plaintiff presents claims for overtime under both statutes, the FLSA claim preempts state law for employees engaged in interstate commerce. *See Bell v. Associated Wholesale Grocers, Inc.*, No. 19-0131, 2019 WL 1979935, at *1 (E.D. La. May 3, 2019) (citing *Trigueros v. New Orleans City*, No. 17-10960, 2018 WL 2336321, at *2 (E.D. La. May 23, 2018)); *Bennett v. McDermott Int'l, Inc.*, No. 19-0158, 2019 WL 3891178, at *3 (W.D. La. Aug. 15, 2019); *Little v. Mizell*, No. 15-0268, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016). Preemption does not apply when a plaintiff is seeking unpaid "wages" for items that do not affect minimum wage or overtime, such as unpaid vacation time. *See England*, 2016 WL 6520146 (LWPA claim for unused vacation, paid

---

[5] Lavespere seeks recovery of wages owed, unlawful payroll deductions, penalties, and attorney's fees pursuant to the Louisiana Wage Repayment Act, La. R.S. 23:631, *et seq*. ECF No. 1-1 at 13. La. R.S. 23:631 provides that upon discharge or resignation of an employee, an employer has a duty "to pay the amount then due under the terms of employment." La. R.S. 23:631(A)(1). An employer's failure to comply with La. R.S. 23:631 triggers the penalty provision found at La. R.S. 23:632. If the penalty provision applies, then the employer is exposed to up to an additional ninety days of wages. La. R.S. 23:632(A)-(B). Furthermore, a successful plaintiff is statutorily entitled to reasonable attorney's fees. La. R.S. 23:632(C).

> time off, sick days, and paid holidays was not preempted). It also appears that a plaintiff may maintain a LWPA claim for unpaid hourly wages if the claim only involves workweeks of forty hours or less. *See Bergeron v. Ochsner Health Sys.*, No. 17-0519, 2017 WL 3648451 (E.D. La. Aug. 24, 2017).

*Hampton v. McDermott Int'l, Inc.*, CV 19-0200, 2019 WL 5617025, at *3 (W.D. La. Oct. 30, 2019).

Here, Lavespere alleges only state law claims. Lavespere does not present claims under both the LWPA and the FLSA. And no federal claims appear on the face of the Complaint (ECF No. 1-2). No specific written contract is alleged in the Complaint (ECF No. 1-2). However, Lavespere does allege Terminix did not pay him as promised – and agreed to – when he was hired. ECF No. 1-2 at 6. And Lavespere asserts Terminix did not pay him according to the terms of his employment. *Id.* at 13. He also alleges he was paid some overtime wages. *Id.* at 6-12. Resolving ambiguities in favor of plaintiff - and having stated no prima facie FLSA claim - there is no federal question jurisdiction.

Terminix argues that Lavespere's overtime claims arise under the FLSA and are preempted. The undersigned found no controlling case regarding remand where the plaintiff does not allege an FLSA claim or violation and alleges he was not engaged in interstate commerce. And the undersigned has not located any cases applying complete preemption to the FLSA. For the Court to find that federal jurisdiction exists, it must determine whether the complete preemption exception to the well-pleaded complaint rule applies. *See* Caterpillar, 482 U.S. at 393.

9

However, the Fifth Circuit has yet to issue an opinion that squarely addresses the preemption of state-law claims by the FLSA. *See Casey v. Rainbow Group Ltd.*, 109 F.3d 765 (5th Cir. 1997) (declining to find complete preemption under FLSA but reserving the issue of ordinary preemption). In *Casey*, the Fifth Circuit stated:

> As "the well-pleaded complaint rule focuses on claims, not theories," the court reasoned that the plaintiffs' cause of action could not be said to "arise under" the FLSA, and thus was not removable, because the plaintiffs could prevail on the breach of contract claim without any consideration of the FLSA. *Id.* (quoting *Willy v. Coastal Corp.*, 855 F.2d 1160, 1170 (5th Cir.1988) and citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)); *see also Wiley*, 855 F.2d at 1170–71).
>
> The FLSA was enacted in 1938 in order to "establish and gradually raise minimum wages." *Fleming v. A.H. Belo Corp.*, 121 F.2d 207, 212 (5th Cir.1941), *aff'd*, 316 U.S. 624 (1942). The liability provisions of the act are contained in section § 216 and are confined to providing reparation for "unpaid overtime compensation" and "unpaid minimum wages." 29 U.S.C. § 216(b). The statute contains no indication of express preemption, let alone one that equals the "unique preemptive force" of ERISA. Moreover, neither the act itself nor its legislative history reveals a "manifest congressional intent" to allow removal of state law claims. Under the circumstances, we decline to find that complete preemption should apply to the case before us. *Cf. Morales v. Showell Farms, Inc.*, 910 F.Supp. 244 (M.D.N.C.1995) (declining to find that the FLSA completely preempted a plaintiff's state wage and hour claims); *Fitzwater v. Namco Am., Inc.*, 1994 WL 809642 (N.D.Cal. Aug. 15, 1994) (declining to find that the FLSA completely preempted a plaintiff's claim for wrongful termination).

*Id.* at 765.

The well-pleaded complaint rule makes the plaintiff the master of the claim; the plaintiff may exclusively rely on state law. *Caterpillar*, 482 U.S. at 392; *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not

10

advanced"). Preemption is a defense to a state law claim and, because this defense does not appear in a well-pleaded complaint, the existence of a federal preemption defense ordinarily does not authorize removal. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987). And absent authority, there is no complete preemption. *Casey*, 109 F.3d at 765.

Here, the Court finds that Terminix simply raises preemption as a defense, and removal on this basis alone is not appropriate.[6] Although the FLSA is ordinarily the statute used to recover unpaid overtime compensation, Lavespere has elected to pursue state law claims only. Mere use of the term "overtime" is not enough. *See e.g. Kidder*, 129 So.3d at 880. This Court may not assess the merits of Lavespere's state law claims. And because "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the Court finds that the Complaint (ECF No. 1-2) on its face, does not raise a federal question. Of course, should plaintiffs file an amended complaint asserting an FLSA claim, the case could become removable. *See* 28 U.S.C. § 1446(b).

### C. Terminix fails to establish diversity jurisdiction by a preponderance of the evidence.

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden

---

[6] A defendant may not rely on a federal defense to a state law claim as a basis for removal. *Franchise Tax Bd. of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Terminix bears that burden here. "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

Here, Lavespere is a domiciliary and resident of Pineville, Louisiana. ECF Nos. 1 at 4, 1-2 at 5. Thus, Lavespere is a citizen of the State of Louisiana.

Terminix International Company, Limited Partnership has one general partner, Terminix International, Inc., and one limited partner, ServiceMaster Consumer Services, Limited Partnership. ECF Nos. 1-1 at 1-2. Terminix International, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business is in Tennessee. ECF No. 1-1 at 2. ServiceMaster Consumer Services, Limited Partnership has one general partner and one limited partner. *Id.* The general partner is SMSC Holdco II, Inc., which is incorporated under the laws of the State of Delaware and has its principal place of business in Tennessee. *Id.*

The limited partner is The ServiceMaster Company, L.L.C. *Id.* Terminix alleges The ServiceMaster, L.L.C. is incorporated in Delaware with its principal place of business in Tennessee. *Id.* However, the citizenship of an L.L.C. is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80. Thus, Terminix has not alleged the citizenship of all members of The ServiceMaster Company, L.L.C. Thus, the citizenship of Terminix is not clear from the pleadings and Terminix fails to allege diversity jurisdiction by a preponderance of the evidence.

Additionally, Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893.[7] Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in

---

[7] Under Article 893, "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief . . . except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. P. art. 893(A)(1).

13

controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). One such way for a plaintiff to satisfy the "legal certainty" test is to file a binding stipulation or affidavit with the original complaint. *Id.* at 1412. A plaintiff may also meet this burden by citing in his petition to a state law that limits recovery above a certain amount. *Id.*

Terminix alleges it is facially apparent that the amount in controversy exceeds $75,000. ECF No. 1 at 5. Terminix alleges that although Lavespere's Complaint (ECF No. 1-2) avers that the "amount in dispute controversy is insufficient to vest a federal court with jurisdiction" and that "the amount in controversy does not exceed $75,000," he also seeks "statutory penalties and attorney's fees." *Id.* at 6. Terminix asserts statutory attorney's fees and penalties may be included in determining the jurisdictional amount in controversy. *Id.*

14

Terminix contends that based on the pleadings, the amount in controversy exceeds $75,000. *Id.*

In seeking remand, Lavespere argues that statutory penalties, if imposed, would be approximately $12,240, totaling $18,788.95. ECF No. 8-1 at 10. Lavespere further argued a court can also assess reasonable attorney fees under La. R.S. 23:632 which he alleges never exceed $5,000. *Id.* Lavespere argues that a "homerun" for him would be $23,788.95, inclusive of penalties and attorney's fees. *Id.* Lavespere contends Terminix ignored allegations regarding the amount in dispute. *Id.*

Terminix contends that Lavespere's claims fall under the FLSA, where an employer can be liable for unpaid wages and "an additional equal amount" as liquidated damages, and that he is allowed interest from the date of judgment to the date of payment, and post-judgment interest for damage damages awarded under the FLSA. ECF No. 17 at 16. Terminix asserts Lavespere's potential wage damages, including liquidated damages, totals $13,079.90. *Id.* Terminix contends that Lavespere's attorney's fees at an hourly rate of $300 for 207 hours of litigating the case equals $62,100 which, in total would exceed the jurisdictional threshold, exclusive of pre-judgment and post-judgment interest. *Id.* at 17.

In the Complaint (ECF No. 1-2), Lavespere alleges specific unpaid or underpaid wages, including overtime, are allegedly owed which total less than $7,000 ($6,286.45 in due wages, $262.50 in improper deductions). ECF Nos. 1-2 at 6-12, 8-1 at 10. He alleges the amount in dispute is insufficient to vest a federal

15

court with jurisdiction and that it does not exceed $75,000. *Id.* at 5, n.2, 6. He "avers, stipulates, and judicially admits the claims, amount in dispute, and damages at issue in this matter are within the jurisdictional limit of [Alexandria City Court] as established by La. Code Civ. P. art. 4843(H)." ECF No. 1-2 at 5. He further "avers, stipulates and judicially admits the claims, amount in dispute, and damages are less than $50,000.00" and that "[u]nder no theory of liability and cause of action are [his] claims and damages more than $50,000.00." *Id.* at 5, n.2, 6. Lavespere alleges "amount in dispute" under Article 4843(H) means the maximum amount that the successful party may be awarded by judgment. *Id.* at 5, n.3. No separate stipulation or affidavit is attached to the Complaint (ECF No. 1-2). However, a separate affidavit is not required. *See Blood v. Interstate Brands Corp.*, 2011 WL 902001 (W.D. La. Mar. 10, 2011) (finding "stipulation as to limitation of damages contained in plaintiffs' complaint is valid and binding judicial confession under Louisiana law").

Lavespere alleges he is entitled to the entirety of the described wages, plus either ninety (90) days of wages at his demand for payment until Terminix actually pays or tenders the above described amounts due, whichever is the lesser amount, including statutory penalties and attorney's fees under La. R.S. 23:632. ECF No. 1-2 at 13. Under La. R.S. 23:631, *et seq.*, Lavespere seeks payment of all earned wages owed, unlawful payroll deductions, statutory penalties, attorney's fees, legal interest, and costs. *Id.*

Here, Lavespere has stipulated and judicially confessed in his Complaint (ECF No. 1-2) that his claims, amounts in dispute, and damages are less than $50,000 and that under no theory or cause of action are they more than $50,000. ECF No. 1-2 at 5-6. The Court finds that Lavespere, by stipulating in his Complaint (ECF No. 1-2) that under no theory of liability or cause of action are his damages more than $50,000 and stipulating and judicially admitting his claims, amounts in dispute, and damages are less than $50,000, has judicially confessed under Louisiana law that his relief is limited to less than that amount. *See* La. Civ. Code art. 1853; *see also id.* at cmt. (b) ("a declaration made by a party's attorney . . . has the same effect as one made by the party himself"). Such judicial confession cannot be revoked except as "an error of fact." *Id.* Here, Lavespere incorporated in the Complaint a legally binding stipulation (ECF No. 1-2) establishing to a legal certainty that less than $75,000 is at issue.

Terminix fails to establish complete diversity among the parties, and Lavespere establishes the amount in controversy is less than $75,000 to a legal certainty. Thus, the Court lacks diversity jurisdiction.

### D. <u>Lavespere is not entitled to attorney's fees as Terminix's removal was objectively reasonable.</u>

An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, an award of attorney's fees on a motion to remand is not automatic under Section 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). A district court may only award payment of fees and costs

under Section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004).

As the master of his complaint, Lavespere had the right to choose between available remedies. However, the FLSA provides the most comprehensive and commonly used remedy to recover overtime compensation, and Terminix could reasonably have assumed that Lavespere intended to invoke the FLSA. Here, removal was objectively reasonable as Terminix demonstrated a reasonable basis to believe removal was legally proper. Thus, Lavespere's request for attorney's fees and costs (ECF No. 8) should be denied.

### III. Conclusion

Because Terminix fails to establish subject matter jurisdiction;

IT IS RECOMMENDED that Lavespere's Motion to Remand (ECF No. 8) be GRANTED for lack of jurisdiction and that this case be REMANDED to the Alexandria City Court, Rapides Parish.

IT IS FURTHER RECOMMENDED that Lavespere's Motion for Attorney's Fees (ECF No. 8) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 19, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE